USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YONG HONG TANG,

Plaintiff,

-against- 26-cv-5453 (LAK)

FUTU HOLDINGS LIMITED, *et al.*,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on competing motions for appointment of a lead plaintiff in this purported securities fraud class action.

## ***Facts***

*The Complaint*

The complaint in this action alleges that defendant Futu Holdings Limited ("Futu") failed to disclose to investors that it was conducting certain business in China without receiving necessary approvals from the China Securities Regulatory Commission ("CSRC").[1] This fraud allegedly caused investors to suffer losses when the Commission imposed significant monetary penalties on Futu for that alleged misconduct.[2]

---

1 Compl. (Dkt 1) ¶ 9.

2 *Id.* ¶¶ 4-8, 9.

According to the complaint, Futu's alleged fraud was revealed through public disclosures on May 22 and May 28, 2026.[3] On May 22, before the market opened, Reuters published an article reporting that the CSRC was "crack[ing] down on 'illegal' cross-border securities" and would penalize brokers including Futu for soliciting business in China without a license.[4] The same day, also before the market opened, Futu disclosed in a press release that the CSRC had accused it of conducting securities business, public fund sales business, and futures business in mainland China without the necessary approvals and proposed to impose $271 million worth of monetary penalties on the company.[5] The stock price then fell by 27.5 percent that day.[6]

On May 28, Futu announced its financial results for the first quarter of 2026, including results account for the penalties imposed by the CSRC.[7] The press release said that the proposed penalties comprised "(i) confiscation of illegal gains of approximately RMB470 million, and (ii) imposition of fines of approximately RMB1.38 billion, in an aggregate amount of approximately RMB1.85 billion."[8] Futu's stock price fell by 4.8 percent that day.[9]

---

[3] *Id.* ¶¶ 42-46.

[4] *Id.* ¶ 42.

[5] *Id.* ¶ 43.

[6] *Id.* ¶ 44.

[7] *Id.* ¶ 45.

[8] *Id.*

[9] *Id.* ¶ 46.

The complaint seeks certification of a class of all purchasers of Futu securities between May 24, 2023, and May 27, 2026, inclusive, who were damaged thereby.[10]

*Lead Plaintiff Motions*

Four individual investors moved for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA").[11] One of those movants later withdrew his motion,[12] and another filed a notice of non-opposition to competing motions.[13] Movants Yong Hong Tang (the named plaintiff in the complaint) and Siu Keung Leung both continue to seek appointment as lead plaintiff.[14]

Tang purchased 100 shares of Futu on May 11, 2026, at a cost of $14,485, and sold 100 shares of Futu on June 1, 2026, for a gross gain of $10,394.33.[15] Thus, Tang asserts that he lost $4,090.67 as a result of Futu's alleged fraud.[16]

During the proposed class period, Leung purchased 15,288 shares of Futu at a cost of roughly $2.1 million and sold 10,491 shares of Futu for a gross gain of roughly $1.6 million.[17]

---

10 *Id.* ¶ 48.

11 15 U.S.C. § 78u-4(a)(3)(B).

12 Dkt 24.

13 Dkt 25.

14 Dkts 15, 18.

15 Dkt 17-2.

16 *Id.*

17 Dkt 19-3.

At the end of the proposed class period, Leung retained 4,797 shares, valued at $485,312.49.[18] Thus, Leung asserts that he lost $15,089.34 as a result of Futu's alleged fraud.[19] Using a different method of calculating the value of the stock that Leung retained at the end of the class period, Tang asserts that Leung lost only $13,198.68.[20]

Tang submitted additional calculations – which Leung does not dispute – showing that, excluding transactions on and after May 22, Leung made a profit of $3,853.32 on his trades of Futu stock during the purported class period.[21] Leung made roughly 71 percent of his purchases before May 22, 2026, and roughly 29 percent of his purchases on or after May 22, 2026.[22]

## ***Discussion***

The PSLRA requires this Court to appoint as "lead plaintiff" the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."[23] The statute creates a rebuttal presumption that the movant with the largest financial interest in the relief sought, and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, is the most adequate person to serve as lead

---

[18] *Id.*

[19] *Id.*

[20] Dkt 28-1.

[21] *Id.*

[22] Dkt 30 at 2.

[23] 15 U.S.C. § 78u-4(a)(3)(B)(i).

plaintiff.[24] To be entitled to this presumption, a movant need make only a "preliminary prima facie showing" that the movant satisfies Rule 23.[25]

The presumption may be rebutted "only upon proof" that the person with the largest financial interest "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."[26] "Conclusory assertions and mere speculation" of inadequacy "will not suffice."[27]

The lead plaintiff shall select lead counsel to represent the purported class, subject to the approval of the Court.[28]

*Analysis*

Leung, the movant with the largest financial interest in the relief should, has made a sufficient showing that he is an adequate and typical representative of the purported class. Tang concedes that Leung presumptively is the most adequate plaintiff. Tang argues, however, that Leung is subject to unique defenses that render him incapable of adequately representing the class. The Court disagrees.

First, Tang argues that Leung's purchases following the May 22 disclosure subject him to the unique defense that he did not rely on the integrity of the market or any of Futu's alleged

---

[24] *Id.* § 78u-4(a)(3)(B)(iii)(I).

[25] *Cullian v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 288 (E.D.N.Y. 2018).

[26] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

[27] *Lemm v. N.Y. Cmty. Bancorp, Inc.*, 733 F. Supp. 3d 107, 116 (E.D.N.Y. 2024) (quoting *Murphy v. JBS S.A.*, No. 17-cv-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017)).

[28] 15 U.S.C. § 78u-4(a)(3)(B)(v).

misstatements. But the mere fact that a plaintiff purchased some or even all of his shares after a partial disclosure does not undermine a finding of reliance.[29] Leung conducted a substantial majority of his class period trading of Futu stock before May 22. Although he increased his investment following the May 22 news, Tang offers no evidence that Leung was relying on anything other than the integrity of the market when he made those trades.[30] On the current record, any defense based on Leung's May 22 purchases is not likely to become a major focus of the litigation.

Tang notes that Leung seemingly would have no net losses if the proposed class definition were amended to exclude purchasers of stock on or after May 22, 2026. But the question is whether the Leung is a typical and adequate representative of the "the purported plaintiff class."[31] The class proposed by the complaint (filed by Tang himself, notably) includes all purchasers of stock between May 24, 2023, and May 27, 2026. Tang is a typical and adequate representative of that purported class. Any suggestion that the May 22 disclosure was full, rather than partial, is not an argument unique to Leung.

Second, Tang argues that Leung is atypical because he engaged in "day trading" – that is, there were 32 trading days (over the course of a year) during which Leung both bought and sold Futu stock. But "courts in this Circuit have generally rejected the argument that a day trader is barred from representing a class in a securities action[] for reasons of atypicality."[32] The "use of

---

29 *See, e.g.*, *In re VEON Ltd. Secs. Litig.*, No. 15-cv-8672, 2022 WL 1284547, at *6 (S.D.N.Y. Apr. 29, 2022) ("[C]ourts have frequently found that the purchase of a stock after a partial disclosure does not bar a plaintiff from satisfying the typicality requirement.").

30 *See, e.g.*, *In re Pfizer Inc. Secs. Litig.*, 282 F.R.D. 38, 46-47 (S.D.N.Y. 2012).

31 15 U.S.C. § 78u-4(a)(3)(B)(i).

32 *Pearlstein v. BlackBerry Ltd.*, No. 13-cv-7060, 2021 WL 253453, at *10 (S.D.N.Y. Jan. 26, 2021) (quoting *In re Acclaim Ent., Inc. Secs. Litig.*, No. 03-cv-1270, 2006 WL 8441287, at *3 (E.D.N.Y. Aug. 7, 2006)).

sophisticated investment strategies" does not "disqualif[y] a party from serving as lead plaintiff or necessarily undermine[] reliance," "[a]bsent evidence that [the investor] did not rely on the integrity of the market price."[33] The record reveals no such evidence, and the cases relied upon by Tang are distinguishable or unpersuasive substantially for the reasons stated by Leung's papers in opposition.[34] Again, this supposed defense is not likely to become the focus of the litigation to the detriment of the class.

---

33 *Chauhan v. Intercept Pharms.*, No. 21-cv-36, 2021 WL 235890, at *6 (S.D.N.Y. Jan 25, 2021) (quoting *In re Turquoise Hill Res. Ltd. Secs. Litig.*, No. 20-cv-8585, 2021 WL 148752, at *9 (S.D.N.Y. Jan. 15, 2021)).

34 Dkt 30 at 8.

***Conclusion***

For the foregoing reasons, Siu Keung Leung's motion for appointment as lead plaintiff (Dkt 18) is GRANTED. The motions of Eric King Man Chui (Dkt 12), Yong Hong Tang (Dkt 15), and Foo Tze Shyang (Dkt 20) are DENIED. Accordingly, it is hereby

**ORDERED** as follows:

1. Siu Keung Leung is appointed as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. The Rosen Law Firm, P.A. is appointed as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v).

3. Lead Counsel hereby is vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) to prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the purported class.

This ruling, of course, does not presuppose any determination as to the propriety of class certification or, for that matter, anything else in this case.

SO ORDERED.

Dated: October 15, 2026

Lewis A. Kaplan
United States District Judge